UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JORDAN TALLEY-SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:25-cv-00282-PPS-AZ |
| | ) |
| WEBB FORD, INC., | ) |
| An Indiana Corporation; | ) |
| | ) |
| VINCE SHAUGHNESSY, | ) |
| In his individual capacity; | ) |
| | ) |
| KIMBERLY WALCOTT, | ) |
| In her individual capacity; | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT AND REQUEST FOR EXTENSION OF TIME TO RESPOND TO
PLAINTIFF'S COMPLAINT**

Defendant Webb Ford, Inc. ("Defendant"), through its attorneys, and pursuant to

Fed R. Civ. P. 6(b)(1)(B), respectfully moves this Court for a thirty (30) day enlargement

of time to file a responsive pleading to the Complaint filed by Plaintiff, Jordan Talley-

Smith ("Plaintiff"), and in support states as follows:

**I. INTRODUCTION**

Plaintiff has moved for entry of default judgment based on Defendant's failure to

timely respond to the Complaint. Default has not yet been entered. Defendant

respectfully opposes the motion and concurrently requests a brief extension of time to file its responsive pleading.

Defendant's delay resulted from excusable neglect, namely a good-faith miscommunication concerning the scope and commencement of defense counsel's representation. That issue has now been fully resolved between Defendant and counsel, and Defendant is prepared to promptly respond to the Complaint.

Because default has not been entered, no prejudice exists, and strong policy considerations favor resolution of cases on the merits. Plaintiff's motion should therefore be denied, and Defendant granted a short extension of time to file its response.

## II. RELEVANT BACKGROUND

1. Plaintiff filed his Complaint on June 23, 2025, and service was purportedly completed on December 22, 2025.

2. On September 9, 2025 and September 29, 2025, Plaintiff filed Motions for Clerk's Entry of Default Judgment.

3. On December 8, 2025, Plaintiff's Motion for Clerk's Default Entry as to Defendant Webb Ford, Inc. and renewed motion were both denied.

4. On February, 19, 2026, Plaintiff filed another renewed Motion for Clerk's Entry of Default Judgment.

5. During the response period, Defendant was in communication with counsel regarding potential representation.

6. Due to a miscommunication regarding the extent and timing of that representation, it was unclear whether counsel had been retained for immediate defense of the action.

7. This miscommunication was not intentional, strategic, or dilatory, and occurred despite Defendant's good-faith efforts to secure representation.

8. Once the issue was identified, Defendant promptly confirmed representation and directed counsel to appear and respond.

9. Plaintiff's renewed motion for default judgment is currently pending; however, no default has been entered, and there is no demonstrated prejudice.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 6(b)(1)(B) permits a party to request additional time from the Court to file its papers "on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6

Courts weigh a balance of factors to determine excusable neglect. In evaluating whether neglect is excusable, a district court must consider the four factors established by the Supreme Court in *Pioneer Investment Services, Co. v. Brunswick Associates Limited Partnership*: "(1) the danger of prejudice to the non-moving party, (2) the length of delay

and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Inv. Serv. Co v. Brunswick Ass'n Ltd. P'ship,* 507 U.S. 380, 395 (1993)).

Courts strongly disfavor default judgments and prefer cases to be decided on their merits. *Moje v. Federal Hockey League, LLC*, 377 F.Supp.3d 907, 924 (N.D. Ill. 2019) (citing *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.,* 69 F.3d 1377, 1383 (7th Cir. 1995). When default has not yet been entered, courts have broad discretion to deny a motion for default judgment and allow a responsive pleading upon a showing of excusable neglect and good faith. *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 358–59 (7th Cir. 1997). As the Supreme Court explained, Congress plainly contemplated that the courts would be permitted to accept late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control. *Pioneer*, 507 U.S. at 381.

## IV. ARGUMENT

### A. The Delay Resulted From a Good-Faith Miscommunication Regarding Representation

Defendant understands that a decision to extend their time to file is ultimately in the discretion of the Court, with "discretion to determine" whether a party has demonstrated "excusable neglect." *Robb*, 122 F.3d at 361. Here, Defendant's failure to

timely respond was the result of a good-faith miscommunication concerning the scope and timing of defense counsel's representation, not from willfulness, gamesmanship, or disregard of procedural rules. Once that misunderstanding was resolved, Defendant promptly confirmed representation and authorized counsel to proceed.

Although the circumstances leading to the delay were within Defendant's control in a general sense, *Pioneer* makes clear that excusable neglect encompasses inadvertent mistakes and misunderstandings, particularly where they are promptly corrected and cause no prejudice. Defendant has not sought to delay the litigation or obtain a tactical advantage. To the contrary, Defendant seeks only a brief extension to file a responsive pleading and to litigate this matter on the merits.

**B. Plaintiff Will Not Be Prejudiced by a Brief Extension**

Plaintiff's renewed motion for default judgment is currently pending; however, no default has been entered, and Plaintiff has not demonstrated any prejudice. The case remains at an early procedural stage. No discovery has been conducted, no substantive rulings have been issued, and Plaintiff's ability to litigate the case on the merits is wholly unaffected. Additionally, the delay at issue is limited and has had no measurable impact on the Court's docket or the orderly progression of this case. Defendant moved promptly to address the issue once the circumstances giving rise to the delay were clarified and has sought relief at the earliest opportunity.

**C. The Balance of Factors Favors Resolution on the Merits**

Balancing the *Pioneer* factors, the equities favor allowing Defendant to respond to the Complaint rather than imposing the harsh remedy of default. The Seventh Circuit and this Court consistently emphasize the strong preference for resolving disputes on their merits whenever reasonably possible.

## V.     CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's renewed motion for default judgment and grant Defendant a brief extension of time to file its responsive pleading.

Date:  March 27, 2026

Respectfully submitted,

/s/ Levy Wash Jr.
Finis Tatum IV, #29092-49
Levy Wash, Jr., #34246-49
**GORDON REES SCULLY MANSUKHANI LLP**
600 East 96th Street, Suite 501
Indianapolis, Indiana 46240
Telephone:    (317) 713-0905
E-Mail:        ftatum@grsm.com
                  lwashjr@grsm.com
*Counsel for Webb Ford, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that, on March 27, 2026, a true and correct copy of the foregoing document was served on all counsel of record via the ECF filing system.

/s/ Levy Wash Jr.
Levy Wash Jr.