UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JORDAN TALLEY-SMITH, )
)
Plaintiff, )
)
v. ) Case No.: 2:25-cv-00282-PPS-AZ
)
WEBB FORD, INC., *et al.*, )
)
Defendants. )

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE DEFAULT JUDGMENT

Defendant Webb Ford, Inc. ("Webb Ford"), by counsel, for its Memorandum in

Support of Motion to Set Aside Default Judgment, states as follows:

### INTRODUCTION

Webb Ford understands that Plaintiff brings this action against Webb Ford for

claims asserted under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*,

arising from his former employment. Webb Ford denies Plaintiff's allegations. A default

judgment, however, was entered against Webb Ford following a communication error

in the assumption of representation. Webb Ford now moves for relief as set forth below.

### I. PROCEDURAL BACKGROUND

Plaintiff Jordan Talley-Smith commenced this action pro se on June 23, 2025,

against Webb Ford, Inc., Vince Shaughnessy, and Kimberly Walcott, alleging civil rights

violations under 42 U.S.C. § 1983. [Dkt. 1]. Defendant Walcott waived service then moved to dismiss for Failure to State a Claim on September 8, 2025. [Dkt. 9].

Plaintiff filed multiple motions seeking clerk's entry of default against Webb Ford, Inc. and Shaughnessy, which the Court initially denied on December 8, 2025. [Dkt. 16.] On February 12, 2026, the Court granted Walcott's motion to dismiss as to Count III without prejudice and terminated her as a party. [Dkt. 17]. Plaintiff renewed his request for default against Webb Ford, Inc., and on March 23, 2026, the Court granted Plaintiff's renewed motion and entered a default against Webb Ford. [Dkt. 21].

Now, 25 days after the entry of default, Webb Ford seeks relief from the judgment.

## II. ANALYSIS

Federal Rule of Civil Procedure 55(c) permits a court to set aside an entry of default for "good cause" and in accordance with the provisions of Rule 60(b). Under Rule 60(b), a judgment may be set aside for reasons including, but not limited to: "(1) mistake, inadvertence, surprise, or excusable neglect." The Supreme Court has held that excusable neglect encompasses negligent omissions, misunderstandings, and inadvertent mistakes, not just circumstances beyond a party's control. *Pioneer Inv. Servs., Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).  In determining whether neglect is excusable, courts weigh:

1.  the danger of prejudice to the non-moving party;

2. the length of the delay and its potential impact on judicial proceedings;

3. the reason for the delay, including whether it was within the reasonable control of the movant; and

4. whether the movant acted in good faith.

*Id* at 385.

Additionally, to vacate an entry of default, the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) a meritorious defense to plaintiff's complaint. *Bluegrass Marine Inc. v. Galena Road Gravel, Inc.,* 211 F.R.D. 356 (S.D. Ill. 2002). A meritorious defense is not necessarily a winning one, but it is one which is "supported by a developed legal and factual basis." *Id.* at 357. General denials and conclusory statements are insufficient to establish a meritorious defense in order to vacate a default. *Id.* Default judgments are generally disfavored as they are inconsistent with the federal courts' principals. *Id.* This circuit has a well-established policy of favoring trial on the merits over default judgments and has stated that default judgments should generally be set aside where the moving party acts with reasonable promptness, alleges a meritorious defense to the action, and where the default has not been willful. *Passarella v. Hilton Intern. Co.,* 810 F.2d 674 (7th Cir. 1987). A default judgment, like a dismissal, is a harsh sanction which should usually be employed only in extreme situations, or when less drastic sanctions have proven unavailing. *Id.* at 676 (quoting *Ellingsworth v. Chrysler,* 665 F.2d 180 (7th Cir. 1981)).

### III. EXCUSABLE NEGLECT

**a. The Breakdown in Communications between Webb Ford and Counsel was the Result of Excusable Neglect.**

The determination of whether excusable neglect exists is highly fact sensitive, and courts are afforded broad discretion in evaluating the unique circumstances of each case. *Robb v. Norfolk & W. Ry. Co.,* 122 F.3d 354, (7th Cir. 1997). In *Passarella,* the Court granted relief from default judgment where a defendant forwarded the complaint to its insurer but the letters were never received, and the insurer consequently took no action — finding that this type of miscommunication qualified as excusable neglect. *Passarella,* 810 F.2d at 678.

*Passarella* is similar to the circumstances presented here. Defendant's failure to timely respond to the complaint was the result of a good-faith miscommunication concerning the scope and timing of defense counsel's representation, not from willfulness, gamesmanship, or disregard of procedural rules. After service of the action, Webb Ford contacted its insurance to assign counsel to defend the claim in September 2025. The matter was assigned to Attorney Kelly Milam, who resigned while the representation and strategy was being finalized. Plaintiff sought an entry of default judgment while this case was being reassigned to new counsel. Webb Ford was unaware of Ms. Milam's departure and the reassignment prior to the entry of default. Accordingly, due to a breakdown in communication transpired between Webb Ford, the insurer, and the defense, while Webb Ford reasonably believed that it had counsel ready to defend

the action.  Once counsel was reassigned, Webb Ford promptly sought to defend itself in this action.

The circumstances leading to the delay were outside of Webb Ford's control in a general sense, and *Pioneer and Passarella* make clear that excusable neglect encompasses inadvertent mistakes and misunderstandings, particularly where they are promptly corrected and cause no prejudice. Webb Ford has not purposely delayed the litigation or sought a tactical advantage. To the contrary, Webb Ford seeks only a brief extension to file a responsive pleading and to litigate this matter on the merits, which causes no prejudice to Plaintiff.

### b.   Webb Ford Possesses a Meritorious Defense.

Webb Ford possesses meritorious defenses that, if litigated, provide a basis for contesting Plaintiff's claims. Plaintiff cannot establish a viable claim for discrimination or retaliation under Title VII, the Consumer Financial Protection Act, or Plaintiff's other purported claims because there is no evidence of discriminatory or retaliatory intent, nor any causal connection between an alleged protected activity and Plaintiff's termination. Any adverse employment action was based on legitimate, non-discriminatory, and non-retaliatory reasons unrelated to Plaintiff's race or any purported protected conduct.

Plaintiff's claims premised on contractual interference, promissory estoppel, and wrongful termination likewise fail because no employment contract or enforceable

agreement existed. Plaintiff was employed at will and could be terminated for any lawful reason. Moreover, Plaintiff cannot demonstrate reasonable reliance on any definite promise sufficient to support a promissory estoppel theory. Taken together, these defenses present substantial questions of law and fact that warrant resolution on the merits rather than by default, satisfying the meritorious-defense requirement for setting aside the entry of default.

### c. Setting Aside the Default Judgment Will Not Prejudice the Plaintiff.

Although default has been entered, Plaintiff cannot demonstrate any prejudice resulting from the brief delay. This case remains at an early procedural stage. No discovery has been conducted, no dispositive or substantive rulings have been issued, and Plaintiff's ability to litigate the claims on their merits has not been impaired in any way. The delay giving rise to the entry of default was limited in duration and has had no measurable impact on the Court's docket or the orderly progression of this litigation. Upon clarification of the circumstances surrounding the representation that led to the delay, Defendant acted promptly to address the issue and sought relief at the earliest reasonable opportunity.

### d. The Balance of Factors Favors Resolution on the Merits

Balancing the Pioneer factors, the equities weigh strongly in favor of setting aside the entry of default and permitting Defendant to respond to the Complaint. Default is a harsh sanction and is disfavored where, as here, the delay was brief, non-prejudicial,

and not the result of bad faith or dilatory conduct. Consistent with Seventh Circuit precedent and this Court's practice, the strong preference for resolving cases on their merits counsels against allowing an entry of default to foreclose adjudication of the claims based on a procedural misstep rather than a considered evaluation of the parties' substantive positions.

### e. Webb Ford Is Timely Filing Its Motion to Set Aside Default

Federal Rule of Civil Procedure 60(c)(1) provides that, a motion under Rule 60(b) must be made within a reasonable time—and for reasons related to mistake, inadvertence, surprise, or excusable neglect, no more than a year after the entry of the judgment or order or the date of the proceeding.

Webb Ford is filing this Motion only 25 days after the entry of default judgment and not more than one year as required by Fed. R. Civ. P. 60(c)(1).

## IV. CONCLUSION

For the foregoing reasons, Defendant, Webb Ford Inc., by counsel, requests the Court set aside the default judgment so that it can respond to the merits of Plaintiff's Complaint, and for all other relief just and proper in the premises.

Respectfully submitted,

/s/ Finis Tatum IV
Finis Tatum IV
Levy Wash, Jr.
**GORDON REES SCULLY MANSUKHANI LLP**
600 East 96th Street, Suite 501

Indianapolis, Indiana 46240
Telephone: (317) 713-0905
E-Mail: ftatum@grsm.com
lwashjr@grsm.com

*Counsel for Webb Ford, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on April 17, 2026, the foregoing document was served on all

counsel of record via the CM/ECF filing system.

/s/ Finis Tatum

Finis Tatum