UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JORDAN TALLEY-SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:25-cv-00282-PPS-AZ |
| | ) |
| WEBB FORD, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPLY IN SUPPORT OF DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT

Defendant Webb Ford, Inc. ("Webb Ford"), by counsel, for its Reply in Support of

Motion to Set Aside Default Judgment, states as follows:

The entry of default in this case did not result from willful inaction or disregard

of this Court's rules. Rather, it arose from a good-faith breakdown in communication

during the assignment of counsel. Upon receipt of service, Defendant promptly

tendered the Complaint to its insurer and relied on the ordinary process through which

counsel is assigned and a defense is coordinated. Defendant reasonably believed the

matter was being handled and that a timely response would be filed. Unbeknownst to

Defendant, however, the attorney initially assigned to the matter departed before

representation and strategy was finalized, resulting in a breakdown in communication

that delayed the appearance of counsel.

**A. Plaintiff's "Rule 60 vs. Rule 55" Argument Is Irrelevant to the Disposition of the Motion.**

Plaintiff's threshold argument—that Defendant's motion must be denied because it references Federal Rule of Civil Procedure 60(b) instead of Rule 55(c)—fails as a matter of law and elevates form over substance.

First, while Plaintiff correctly notes that only an entry of default has been entered, not a default judgment, that observation does not render Defendant's motion defective. Rule 55(c) expressly permits a court to set aside an entry of default for "good cause" and courts routinely evaluate that standard by reference to the equitable principles embodied in Rule 60(b), including "excusable neglect." In other words, the rules are not mutually exclusive; they operate together.

Second, it is well established that courts construe motions based on their substance—not the labels used by counsel. *Aspen Am. Ins. Co. v. Blackbaud, Inc.*, 624 F. Supp. 3d 982 (N.D. Ind. 2022). Here, Defendant's motion squarely addresses the governing considerations applicable to setting aside default, including good cause, excusable neglect, the absence of prejudice, prompt corrective action, and the existence of meritorious defenses. These considerations are precisely the factors courts apply under Rule 55(c). *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625 (7th Cir. 2009). Plaintiff cites no authority—and there is none—requiring denial of an otherwise meritorious motion based on an imprecise reference to Rule 60(b). In fact, while the same test applies for

seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test "is more liberally applied in the Rule 55(c) context. *Id.* at 631. Our cases articulate a policy of favoring trial on the merits over default judgment. *Id.*

Third, even accepting Plaintiff's premise, the proper course is not denial but application of the correct standard—particularly given that the Rule 55(c) standard is more forgiving than Rule 60(b). See *Cracco*, 559 F.3d at 631. Courts routinely construe motions to set aside default under Rule 55(c) where, as here, no default judgment has been entered, and they do so consistent with the Seventh Circuit's strong preference for resolving disputes on the merits rather than through procedural default. *Id.* Accordingly, even if Defendant's motion referenced Rule 60(b), the Court should simply apply the more lenient Rule 55(c) framework—under which Defendant plainly satisfies the relevant factors—rather than deny relief based on a technicality.

Ultimately, Plaintiff's argument is a distraction from the dispositive issue: whether Defendant has shown good cause to set aside the default. As demonstrated in Defendant's Memorandum, it has. [Dkt. 31 at 5]. The undisputed record reflects that the default resulted from a good-faith breakdown in communication regarding counsel assignment, Defendant acted promptly to correct the issue, and Defendant has asserted meritorious defenses to Plaintiff's claims.

Finally, Default is a harsh sanction, and courts are instructed to apply the Rule 55(c) standard liberally in favor of setting aside default where, as here, the failure to respond was not willful and no meaningful prejudice exists. Denying relief based solely on a purported rule-labeling issue would contravene that governing principle.

For these reasons, Plaintiff's procedural argument provides no basis to deny Defendant's motion, and the Court should instead evaluate the motion under the proper Rule 55(c) framework and set aside the entry of default.

**B. Defendant Has Demonstrated Excusable Neglect and Good Cause Under Rule 55(c).**

Plaintiff's assertion that Defendant cannot establish excusable neglect ignores both the governing legal standard and the undisputed circumstances surrounding the default. Under *Pioneer*, excusable neglect is a "flexible" and "equitable" concept that encompasses "inadvertent delays," "mistakes," and "misunderstandings," not merely circumstances beyond a party's control. *Pioneer Inv. Servs., Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). Courts in this Circuit evaluate excusable neglect by considering: (1) prejudice, (2) length of delay, (3) reason for the delay, including whether it was within the movant's control, and (4) good faith. *Id.* at 385. Each factor favors Defendant here.

The reason for the delay reflects excusable neglect—not disregard. The default resulted from a breakdown in communication during the assignment and transition of defense counsel. The case was initially assigned to counsel who departed before representation and strategy were finalized, and Defendant remained unaware of that change while reasonably believing the matter was being handled. This is not willful inaction; it is precisely the type of good-faith miscommunication the rule is designed to forgive.

Defendant also acted promptly once the issue was discovered. Defendant moved to set aside default approximately 25 days after its entry. Such prompt action supports relief, particularly where the delay is quickly corrected after discovery of the error.

There is likewise no cognizable prejudice to Plaintiff. As discussed in Defendant's Memorandum, this case remains at an early stage with no discovery, no dispositive rulings, and no impairment to Plaintiff's ability to litigate the claims. [Dkt. 31 at 6]. A brief delay alone does not constitute prejudice under Rule 55(c).

Finally, the record contains no evidence of bad faith. Defendant took steps to secure counsel and defend the case—not gamesmanship or strategic delay.

Plaintiff's attempt to reframe a good-faith communication breakdown as inexcusable neglect rests on an unduly rigid standard that is contrary to *Pioneer* and

Seventh Circuit precedent. The Rule 55(c) inquiry is equitable, and when properly applied, it compels setting aside default here.

Because Defendant has shown excusable neglect, acted promptly, and proceeded in good faith—and because Plaintiff suffers no meaningful prejudice—the Court should find that good cause exists and grant the requested relief.

### C. Webb Ford Has Asserted Meritorious Defenses Against Plaintiff's Claims.

Webb Ford has articulated meritorious defenses that warrant resolution on the merits rather than by default. A defendant need not prove its defenses at this stage; it need only present a legally and factually supported basis that, if established, would defeat Plaintiff's claims. *Bluegrass Marine Inc. v. Galena Road Gravel, Inc.,* 211 F.R.D. 356 (S.D. Ill. 2002). Webb Ford meets that standard.

Plaintiff cannot establish a viable claim for discrimination or retaliation because there is no evidence of discriminatory or retaliatory intent and no causal connection between any alleged protected activity and the termination of Plaintiff's employment. Any employment action was based on legitimate, non-discriminatory, and non-retaliatory reasons unrelated to Plaintiff's race or purported protected conduct.

Plaintiff's remaining claims likewise fail as a matter of law. No employment contract or enforceable agreement existed, and Plaintiff was an at-will employee subject to termination for any lawful reason. Plaintiff cannot establish the elements of promissory

estoppel, including reasonable reliance on any definite promise, nor can he sustain claims for contractual interference or wrongful termination on the facts alleged.

Taken together, these defenses raise substantial questions of law and fact that preclude default and require adjudication on the merits. This is sufficient to satisfy the meritorious-defense requirement under Rule 55(c) and further supports setting aside the entry of default.

**CONCLUSION**

For the foregoing reasons, Defendant has demonstrated good cause, excusable neglect, prompt corrective action and the existence of meritorious defenses under Rule 55(c). The Court should therefore set aside the Clerk's Entry of Default and permit this case to be resolved on its merits.

Respectfully submitted,

/s/ Levy O. Wash, Jr.
Finis Tatum IV
Levy Wash, Jr.
**GORDON REES SCULLY MANSUKHANI LLP**
600 East 96th Street, Suite 501
Indianapolis, Indiana 46240
Telephone:    (317) 713-0905
E-Mail:       ftatum@grsm.com
              lwashjr@grsm.com

*Counsel for Webb Ford, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 30, 2026, the foregoing document was served on all counsel of record via the CM/ECF filing system.

/s/ Levy O. Wash, Jr.
Levy O. Wash, Jr.