**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JORDAN TALLEY-SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **2:25-cv-00282-PPS-AZ** |
| WEBB FORD, INC., *et al.*, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant, Webb Ford, Inc., filed a motion to set aside the Clerk's entry of default. [DE 30.]  Technically the motion is titled "motion to set aside default judgment," but default was only entered in this case (there is no default judgment), so I will consider this a motion to set aside the Clerk's entry of default.

Webb Ford claims default was inadvertent because there was a misunderstanding about legal misrepresentation.  After it was notified about the Clerk's entry of default, Webb Ford promptly filed a motion to set aside the default.  It appears that Webb Ford did not willfully or carelessly ignore the complaint, it acted promptly after the Clerk entered default, and plans to participate diligently in the future. Therefore, the motion to set aside the clerk's entry of default [DE 30] is **GRANTED**.

## BACKGROUND

In this case, pro se Plaintiff Talley-Smith was granted leave to proceed in forma pauperis on July 8, 2025. [DE 3.]  The Clerk sent out a waiver of service. [DE 6.]  While the other defendant in the case, Kimberly Walcott, waived service and then filed a

motion to dismiss, Defendants Webb Ford and Shaughnessy did not waive service. [DE 6, 9.]

The summons to Webb Ford was issued by the Clerk on September 12, 2025 [DE 12], and returned executed by the United States Marshal Service on December 5, 2025 [DE 15]. Webb Ford, Inc was served on December 1, 2025, so its answer was due on December 22, 2025. *Id.* Because Defendant Webb Ford, Inc., did not file an answer or motion to dismiss, a clerk's entry of default was appropriate as to Defendant Webb Ford, Inc.

I entered an order granting Talley-Smith's renewed motion for Clerk's entry of default and the Clerk entered default against Webb Ford on March 23, 2026. [DE 21, 22.] Defendant Webb Ford filed the instant motion to set aside the default on April 17, 2026. [DE 30.] Talley-Smith filed a response in opposition [DE 33] and Webb Ford filed a reply [DE 36].

## DISCUSSION

Relief from entry of a default requested prior to entry of judgment is governed by Federal Rule of Civil Procedure 55(c) which provides that "[f]or good cause shown the court may set aside an entry of default . . . ." "Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error." *Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir. 2007). The standard is essentially the same as that for vacating a default judgment under Rule 60(b); however, relief under Rule 55(c) is more readily granted, while the application of the test for relief under Rule 60(b) is "much more limited and stringent." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994) (citation omitted);

*see also* see also *Davis v. Hutchins*, 321 F.3d 641, 646 n.2 (7th Cir.2003); *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir.1994). In the Seventh Circuit, "[a] party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (internal quotation marks and citations omitted). Disposition on the merits is preferable to default. *Id.* at 631.

Webb Ford argues it "was unable to respond to Plaintiff's complaint" before the entry of default "due to a communication error concerning the legal representation, not caused by Webb Ford." [DE 30 at 2.] Specifically, Webb Ford explains that after service of the action, it contacted its insurance to assign counsel to defend the claim. [DE 31 at 4.] The matter was assigned to an attorney who resigned while the representation and strategy was being finalized. *Id.* Webb Ford was unaware of the attorney's departure and a "breakdown in communication transpired between Webb Ford, the insurer, and the defense, while Webb Ford reasonably believed that it had counsel ready to defend the action." [*Id.* at 4-5.] Once counsel was reassigned, Webb Ford promptly sought to defend itself in this action. [*Id.* at 5.] Moreover, Webb Ford claims it has a meritorious defense and there is no evidence of discriminatory intent in this case. [*Id.* at 5-6.]

I find there is good cause to set aside the entry of default because the record does not reflect a willful disregard of the lawsuit. *Cracco*, 559 F.3d at 631; *see also Passarella v. Hilton Int'l Co.*, 810 F.2d 674 (7th Cir. 1987) (granting relief from default where a similar type of miscommunication qualified as excusable neglect). There was clearly a

misunderstanding between Webb Ford and its insurer about retention of counsel, and it seems that one attorney's retirement threw a wrench in the plans. While I don't condone such inadvertence, it does not seem intentional or willful, and mistakes do happen sometimes. Additionally, "[t]his Circuit has a well established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (citation omitted).

Furthermore, allowing this case to proceed on the merits does not unfairly prejudice any party. There has been only a slight delay at the beginning of this case during the procedural stage. Accordingly, I find that there is good cause to set aside the clerk's entry of default.

## CONCLUSION

I find that there is good cause to set aside the Clerk's entry of default. Therefore I **GRANT** the Motion to Set Aside Default [DE 30]. The default entered on March 23, 2026 against Webb Ford Inc. [DE 22] is **HEREBY SET ASIDE** pursuant to Federal Rule of Civil Procedure 55(c).

Defendant Webb Ford Inc. has 30 days from the date of this order to file an answer or otherwise plead.

SO ORDERED.

ENTERED: May 4, 2026.          /s/ Philip P. Simon
                               PHILIP P. SIMON, JUDGE
                               UNITED STATES DISTRICT COURT

4