JORDAN TALLEY-SMITH,     )
    )
    Plaintiff,     )
    )
    v.     ) CASE NO. 2:25-cv-00282-PPS-AZ
    )
WEBB FORD, INC., &     )
VINCE SHAUGHNESSY     )
    )
    Defendants.     )

## DEFENDANTS WEBB FORD AND VINCE SHAUGHNESSY'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Webb Ford, Inc. ("Webb Ford") and Vince Shaughnessy ("Shaughnessy") by counsel, Angka Hinshaw, respectfully submits this brief in accordance with Local Rule 7-1(b)(1) in support of its motion to dismiss Plaintiff's claims against Webb Ford and Shaughnessy pursuant to Federal Rule of Civil Procedure 12 (b)(6).

Counts I, II, IV, and V of Plaintiff's Complaint fail to state a claim against Webb Ford and Shaughnessy upon which relief can be granted. Specifically, Count I does not plausibly allege that Plaintiff was a Webb Ford employee or applicant, or that Plaintiff participated in any Webb Ford on-the-job training or apprenticeship program. Nor does the Complaint plead sufficient facts to support a plausible inference that Webb Ford intentionally engaged in racially discriminatory employment practices.

Count II fails to plausibly allege the existence of any contractual relationship between Plaintiff and Webb Ford, or facts supporting a reasonable inference that Webb Ford, motivated by racial animus, denied Plaintiff any rights, privileges, terms, conditions, or benefits of the purported contract.

Count IV fails to establish a purported contractual relationship between Plaintiff and Webb Ford. The allegation lacks sufficient facts as well as applicable law to state a claim upon which relief can be granted.

Lastly, Count V Plaintiff fails to plead sufficient facts to state a claim upon which relief can be granted. The authority that Plaintiff relies upon applies to commercial lenders and Webb Ford is not a commercial lender.

Accordingly, Counts I, II, IV, and V should be dismissed.

## BACKGROUND AND PROCEDURAL POSTURE

Webb Ford is a vehicle dealership located in Highland, Indiana. In addition to selling new and used vehicles, the dealership sells parts and provides limited automotive services.

Shaughnessy was the Service Manager at Webb Ford.

Plaintiff Jordan Talley-Smith commenced this action pro se on June 23, 2025, against Webb Ford, Inc., Vince Shaughnessy, and Kimberly Walcott, alleging civil rights

violations under 42 U.S.C. § 1983 and violations of other federal provisions. [Dkt. 1].

Defendant Walcott waived service then moved to dismiss for Failure to State a Claim on

September 8, 2025. [Dkt. 9]. Plaintiff filed multiple motions seeking clerk's entry of

default against Webb Ford, Inc. and Shaughnessy, which the Court initially denied on

December 8, 2025. [Dkt. 16.] On February 12, 2026, the Court granted Walcott's motion

to dismiss as to Count III without prejudice and terminated her as a party. [Dkt. 17].

Plaintiff renewed his request for default against Webb Ford, and on March 23, 2026, the

Court granted Plaintiff's renewed motion and entered a default against Webb Ford.

[Dkt. 21]. On April 17, 2026, Webb Ford filed a Motion to Set Aside the Default and the

Court granted the motion on May 4, 2026. [Dkt. 39.]

Plaintiff alleges employment discrimination and retaliation against Defendants

Webb Ford and Shaughnessy. Plaintiff asserts the following causes of action against

Defendants Webb Ford and Shaughnessy:

- Count 1 – Title VII Retaliation and Discrimination (42 U.S.C §§ 2000e- & 2000e-2)
- Count 2 – Racial Discrimination & Interference with Contract Rights - (42 U.S.C. § 1981)
- Count 3 – Violation of Civil Rights Under Color of Law – (42 U.S.C §1983)
- Count 5 – Retaliation for Protected Activity Under the Consumer Financial Act (12 U.S.C § 5567)

<u>*LEGAL STANDARD UNDER RULE 12(b)(6)*</u>

Federal Rules of Civil Procedure allows a defendant to assert, by motion, a dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) To survive a Federal Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) Courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002). In *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1961 (2007), the Supreme Court concluded that the allegations in a pleading must be sufficient to raise a right to relief above the speculative level including sufficient facts to state a claim that is "plausible on its face". The Supreme Court further expanded the plausibility standard and made clear that the pleading standard applies to all civil actions including claims of discrimination. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

<u>ARGUMENT</u>

*Count I*

Title VII of the Civil Rights Act prohibits discrimination based on color, race, religion, sex, or national origin. Federal law prohibits discrimination in all aspects of employment.  *42 U.S.C. § 2000e-2.* The U.S.C. prohibits retaliation against employees who oppose discriminatory practices or participate in Title VII proceedings. *42 U.S.C. §*

*2000e-3* The Supreme Court held in *Twombly* that plaintiffs must allege facts that give rise to a claim that is "plausible on its face" and not merely conclusory allegations of discrimination or retaliation. *Twombly* at 1961.Here, the Plaintiff failed to plead specific facts related to dates and the sequence of events between the alleged discriminatory act, the protected activity and the adverse action. Without details, it is unknown whether the conduct was racially motivated or even plausible. The Plaintiff must plead more information than his race and that he is a skilled technician. The Plaintiff's pleading for Count 1 lacks sufficient facts that would give an inference of discriminatory action or retaliation. Plaintiff's pleading acknowledges his own unsatisfactory work performance – a documented warning followed by a 2-day work suspension. The Plaintiff failed to sufficiently state facts that Defendant Webb Ford's employment actions were racially motivated or retaliatory. The complaint fails to plead sufficient facts to state a claim for purposeful and unlawful discrimination. Therefore, Count I should be dismissed.

*Count II*

42 U.S.C. § 1981 guarantees all persons in the United States the equal right to make and enforce contracts, free from discrimination based on race, color, or ethnicity. Pursuant to *Iqbala* and *Twombly*, the Plaintiff must plead a plausible interference of intentional racial discrimination. Under these standards, a §1981 complaint must allege specific facts in which the court can draw a reasonable inference that race was the reason for the adverse treatment. Page 6 of the complaint states, "Plaintiff is a Black man

who entered into a verbal employment agreement with Defendant Webb Ford…" Plaintiff alleges there was a verbal agreement. However, the Plaintiff did not provide sufficient facts that race was the reason for the adverse action or that a contractual relationship existed that falls within the protections of 42 U.S.C. § 1981. Without a direct nexus to race, an inference of racial discrimination cannot be assumed because the Plaintiff is a member of a protected class. *Miao v. United Airlines*, Inc. 164 F. 4th 622 (2026). As such, Count II should also be dismissed.

*Count IV*

With respect to Count IV, Plaintiff fails to plead sufficient facts or identify the applicable law to state a claim upon which relief can be granted. Under Indiana law, certain contracts are enforceable only if they are in writing and signed by the party to be charged. Ind. Code § 32-21-1-1, *et seq.* Plaintiff only alleges an "Indiana State Law Claim" as authority without specifying the legal basis for relief. Additionally, Plaintiff failed to plead facts showing a plausible interference of intentional racial discrimination. Accordingly, Count IV should be dismissed.

*Count V*

With respect to Count V, Plaintiff fails to plead sufficient facts to state a claim upon which relief can be granted. Plaintiff seeks relief under the Consumer Financial Protection Act of 2010, 12 U.S.C. §§ 5481-5603 ("the Act"). The Act protects "covered

employees" from retaliation for reporting to the employer, government authority or law enforcement concerns that involves "any individual performing tasks related to the offering or provision of a consumer financial product or service." 12 U.S.C. § 5567. The purpose of the Act is provide federal oversight to protect consumers from unfair, deceptive, or abusive practices and ensures transparent markets for mortgages, credit cards, and banking services.  In essence, the Act ensures that everyone is treated fairly by banks, lenders, and other financial institutions. Further, under 12 U.S.C. § 5567(5)(B), a person can commence a civil action against the person to whom such order was issued to enforce compliance in a U.S. district court. Here, the Plaintiff has not established plausible facts that involve a consumer financial product. Webb Ford is a new and used vehicle dealership that also provides limited automotive services. Webb Ford is not a financial lender that would avail the Plaintiff to protections under the Act. Furthermore, even if the statute was applicable, Plaintiff has not exhausted his administrative remedies under the statute. Therefore, Count V should be dismissed *with* prejudice.

**<u>CONCLUSION</u>**

For these reasons, Webb Ford, Inc. and Vince Shaughnessy, by counsel, respectfully requests this Court to dismiss Plaintiff's claims against Webb Ford and Shaughnessy pursuant to Fed. R. Civ. P 12(b)(6), and for all other relief just and proper in the premises.

Respectfully submitted,

/s/ Angka E. Hinshaw
Finis Tatum IV
Angka E. Hinshaw,
**GORDON REES SCULLY MANSUKHANI, LLP**
600 East 96th Street, Suite 501
Indianapolis, IN 46240
Tel: (317) 713-0905
Email: ftatum@grsm.com
ahinshaw@grsm.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2026, the foregoing document was served on

counsel of record via the ECF filing system.

/s/ Angka E. Hinshaw
Angka E. Hinshaw