**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| JORDAN TALLEY-SMITH, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2:25-cv-282-PPS-AZ |
| WEBB FORD, INC. and VINCE SHAUGHNESSY, | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiff Jordan Talley-Smith's Motion for Leave to File Amended Complaint [DE 48], filed on July 22, 2026, and Plaintiff Jordan Talley-Smith's Motion to Continue Rule 16 Preliminary Pretrial Conference [DE 52], filed on July 28, 2026. This case is currently scheduled for a Rule 16 Preliminary Pretrial Conference on August 20, 2026. *See* DE 47. Neither Defendant filed any response to either motion, and the time to do so has passed. *See* N.D. Ind L.R. 7-1(d)(3)(A).

Plaintiff seeks to file an amended complaint which, according to his motion clarifies some of the factual allegations of his claims against Defendants Webb Ford, Inc. and Vince Shaughnessy, and "incorporate additional factual clarification concerning Count III consistent with issues raised during motion practice." DE 48 at 2. Count III is a claim against Kimberly Walcott pursuant to 42 U.S.C. § 1983, alleging that she, as an employee of the Indiana Department of Workforce Development interfered with his unemployment benefits and his procedural due

process rights when, during the course of administrative proceedings, Plaintiff had his unemployment benefits denied. *See* DE 48-1 at 7-8.

This same claim was previously dismissed by the presiding District Court Judge in an Opinion and Order granting then-Defendant Walcott's motion to dismiss. DE 17. In that Opinion and Order, Judge Simon explained how, even when construed liberally on account of Plaintiff's *pro se* status, Plaintiff failed to state a claim against Walcott because he received adequate procedural due process and because Walcott was likely immune from suit. *Id.* at 7-8. But the dismissal was at that point without prejudice, and Judge Simon granted Plaintiff "leave to re-file and cure the pleading deficiencies within 30 days..." DE 17 at 8. That Opinion and Order was entered on February 12, 2026, or more than 6 months ago, and so the 30-day window for Plaintiff to seek to re-file and cure his complaint as to Walcott has long since passed. That alone is reason to deny the requested amendment as to Walcott. *See Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (holding that leave to amend may be denied "where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment"). Furthermore, even if the proposed amendment was timely, because the fundamental factual allegations of Plaintiff's proposed claim against Walcott remain the same as when they were first pleaded, this claim against Walcott would likewise be futile for the same reasons previously explained by Judge Simon. Therefore, Plaintiff will not be allowed to bring any claim against Walcott.

As for the other proposed amendments, all of which relate to the claims and facts underlying the claims brought against Defendants Webb Ford and Shaughnessy, the Court notes that neither Defendant filed a response to Plaintiff's motion. Thus, the Court assumes there is no objection to the proposed amendments, and the Court will follow the general rule that leave to amend should be liberally granted. *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 854 (7th Cir. 2017) ("As a general rule, district courts should liberally grant leave to amend pleadings."). From the Court's review of Plaintiff's proposed amendment, Plaintiff appears to in large part trying to bolster his allegations in light of the arguments raised by Defendants Webb Ford and Shaughnessy in their pending motion to dismiss, see DE 42 and 43, which has not yet been ruled on by the Court. As such, the Court will grant Plaintiff leave to amend his complaint to include these additional factual allegations.

With the motion for leave to amend resolved, the Court will address Plaintiff's motion to continue. The basis for Plaintiff's motion to continue is that Plaintiff filed his motion for leave to amend shortly before and that when his motion to continue was filed, the motion for leave to amend was still pending. DE 52 at 1 ("Plaintiff requests that the conference be reset to the first date convenient for the Court after resolution of Plaintiff's pending Motion for Leave to File Amended Complaint…"). Because the Court is resolving Plaintiff's motion for leave with this Order (and denying his request to add Kimberly Walcott as a Defendant), there is no reason to continue the previously scheduled Rule 16 Preliminary Pretrial Conference. Thus,

the Court will deny this motion, and will hold the Rule 16 Preliminary Pretrial Conference on **August 20, 2026 at 11:00 a.m. central time.**

Accordingly, and for the reasons discussed, Plaintiff Jordan Talley-Smith's Motion for Leave to File Amended Complaint [DE 48] is **GRANTED in part and DENIED in part**. Plaintiff will be allowed to file an amended complaint which states the same current claims against Defendants Webb Ford and Shaughnessy, including the new factual allegations contained therein, but he may not bring his proposed Count III against Kimberly Walcott. Plaintiff is **ORDERED** to file his First Amended Complaint (which should be identical to his current proposed amended complaint except that it should not include Count III against Kimberly Walcott and any of those allegations) no later than **September 3, 2026**. Once that is filed, the Court will determine whether the pending motion to dismiss is moot. Plaintiff Jordan Talley-Smith's Motion to Continue Rule 16 Preliminary Pretrial Conference [DE 52] is **DENIED**.

So ORDERED this 17th day of August 2026.

*/s/ Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT

cc: Jordan Talley-Smith (U.S. Mail)