**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| JORDAN TALLEY-SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-282-PPS-AZ |
| | ) | |
| WEBB FORD, INC. and VINCE SHAUGHNESSY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On August 20, 2026, the parties appeared before the Court for a hearing. Pursuant to Federal Rule of Civil Procedure 16(b), the Court **ORDERS** as follows:

(1) The parties' deadline to serve, and filed on the docket, Rule 26(a)(1) disclosures by **September 11, 2026**;

(2) Plaintiff's deadline to seek permission to join additional parties or amend the pleadings is **October 12, 2026**;

(3) Defendants' deadline to seek permission to join additional parties or amend the pleadings is **November 12, 2026**;

(4) The deadline to complete fact discovery is **April 30, 2027**;

(5) The parties do not anticipate expert witnesses at this time, but the Court will revisit the issue at the parties' request; and

(6) The parties deadline to mediate or conduct a judicial settlement conference is **April 30, 2027**.

(7) To the extent a discovery disputes arise among the parties (or third parties), the Court discourages the filing of formal motions to compel or motions for protective order. Such disputes should instead be brought to the Court's attention through the filing of a Motion for Discovery Ruling that succinctly summarizes the issue without extensive argument or case law citation. The submission may be joint or separate, but the Court discourages extensive briefing. The Court's procedure for resolving discovery disputes is further outlined on Judge Zanzi's website.

(8) The Court sets the following limitations on discovery: 25 interrogatories each, 25 requests for admission each, and six depositions of four hours each.

(9) All other requirements of discovery shall be governed by the Federal Rules of Civil Procedure and Local Rules of the Northern District of Indiana as applicable.

(10) The summary judgment deadline per Rule 56 shall not apply, and deadlines for dispositive motions and trial-related deadlines will be set at a later date.

(11) This schedule may be modified by order of this Court for good cause shown pursuant to Rule 16(b)(4). Any motion to extend the deadline to complete discovery should be filed at least thirty (30) days prior to the close of discovery, absent extraordinary circumstances. The Court views the last month of discovery to be for the purpose of concluding your work, not extending it. As such, to encourage the speedy resolution of this matter as required by

Fed. R. Civ. P. 1, the deadline to file any discovery-related nondispositive motion is **March 31, 2027**. For a motion filed before this deadline, no extension of discovery will be granted without good cause and the Court's consent under Fed. R. Civ. P. 16(b)(4). Accordingly, after this deadline, good cause alone will not be sufficient to constitute such a reason. The parties are thus advised to complete timely discovery and, if necessary, file any motion to continue pretrial deadlines, motion to compel, or such motions that may impact the schedule well enough in advance of this deadline to permit any necessary briefing and time for the Court to rule.

(12) Because Plaintiff is pro se, the Court reminds him of his obligation to follow all the Federal Rules of Civil Procedure and Local Rules of the Northern District of Indiana. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("[T]he Supreme Court has made clear that even *pro se* litigants must follow rules of civil procedure.") (citing *McNeil v. United States,* 508 U.S. 106, 113 (1993)); *Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000) ("Although pro se litigants get the benefit of more generous treatment in some respects, they must nonetheless follow the same rules of procedure that govern other litigants."). In particular, Northern District of Indiana Local Rule 26-2(a)(2)(A) requires that "All discovery material in cases involving a pro se party must be filed." N.D. Ind. L.R. 26-2. This includes both discovery requests and discovery responses served by all parties. Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other

paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.” Fed. R. Civ. P. 11(a). And Northern District of Indiana Local Rule 5-4(b) further requires that “[p]apers delivered to the clerk for filing must … include the filer’s original signature…”. N.D. Ind. L.R. 5-4(b). The parties are also reminded that if they file discovery on the docket that contains sensitive personal information, they should redact that information pursuant to Fed. R. Civ. P. 5.2(a) or file a motion to seal pursuant to Fed. R. Civ. P. 5.2(d) and the Local Rules.

(13) The Court asks that counsel for Defendant provide a copy of this order, and future court orders, to Plaintiff via email, as a courtesy.

(14) The Court **SETS** this matter for a status hearing on **November 16, 2026 at 11:00 a.m. central.** Plaintiff is ORDERED to appear in person and counsel for Defendant may appear by videoconference. By **November 9, 2026**, the parties are **ORDERED** to file a joint status report regarding the status of discovery completed to date and remaining discovery anticipated. It is the Court’s expectation that by the next status hearing, the parties will have issued and be in the process of responding to initial written discovery.

SO ORDERED this 20th day of August 2026.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT

cc: Plaintiff Jordan Talley-Smith (U.S. Mail)