**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| JORDAN TALLEY-SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-00282-PPS-AZ |
| | ) | |
| WEBB FORD, INC., & | ) | |
| VINCE SHAUGHNESSY | ) | |
| | ) | |
| Defendants. | ) | |

# DEFENDANTS WEBB FORD, INC AND VINCE SHAUGHNESSY'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Webb Ford, Inc. ("Webb Ford") and Vince Shaughnessy ("Shaughnessy") by counsel, respectfully submit this brief in accordance with Local Rule 7-1(b)(1) in support of their motion to dismiss Plaintiff's claims against Webb Ford and Shaughnessy pursuant to Federal Rule of Civil Procedure 12 (b)(6).

Counts I, II, and III of Plaintiff's First Amended Complaint fail to state a claim against Webb Ford and Shaughnessy upon which relief can be granted. Specifically, Count I does not plead sufficient facts to support a plausible inference that Webb Ford intentionally engaged in racially discriminatory employment practices.

Count II fails to plausibly allege the existence of any contractual relationship between Plaintiff and Webb Ford, or facts supporting a reasonable interference that

Webb Ford, motivated by racial animus, denied Plaintiff any rights, privileges, terms, conditions, or benefits of the purported oral agreement.

Count III fails to establish a purported contractual relationship between Plaintiff and Webb Ford. The allegation lacks sufficient facts as well as applicable law to state a claim upon which relief can be granted.

Accordingly, Counts I, II, and III should be dismissed.

## BACKGROUND AND PROCEDURAL POSTURE

Webb Ford is a vehicle dealership located in Highland, Indiana. In addition to selling new and used vehicles, the dealership sells parts and provides limited automotive services. Webb Ford does not operate or sponsor any apprenticeship program and does not enter into apprenticeships contracts with any employee. Lube technicians and journeymen hold distinct positions, defined by differing levels of formal schooling and applied experience.

Shaughnessy was the Service Manager at Webb Ford.

Plaintiff Jordan Talley-Smith commenced this action pro se on June 23, 2025, against Webb Ford, Inc., Vince Shaughnessy, and Kimberly Walcott, alleging civil rights violations under 42 U.S.C. § 1983 and violations of other federal provisions. [Dkt. 1]. Defendant Walcott waived service then moved to dismiss for Failure to State a Claim on September 8, 2025. [Dkt. 9]. Plaintiff filed multiple motions seeking clerk's entry of

default against Webb Ford, Inc. and Shaughnessy, which the Court initially denied on December 8, 2025. [Dkt. 16.] On February 12, 2026, the Court granted Walcott's motion to dismiss as to Count III without prejudice and terminated her as a party. [Dkt. 17]. Plaintiff renewed his request for default against Webb Ford, and on March 23, 2026, the Court granted Plaintiff's renewed motion and entered a default against Webb Ford. [Dkt. 21]. On April 17, 2026, Webb Ford filed a Motion to Set Aside the Default and the Court granted the motion on May 4, 2026. [Dkt. 39.]

On June 3, 2026, Defendants filed a Motion to Dismiss. [Dkt.43] On July 22, 2026, Plaintiff sought leave to amend its complaint. [Dkt. 48] Defendant did not object. On August 17, 2026, Court granted motion for Plaintiff to leave. [Dkt. 56] On August 27, 2026, Plaintiff filed his "First Amended Complaint." [Dkt. 59]

Plaintiff realleges employment discrimination and retaliation against Defendants Webb Ford and Shaughnessy. Plaintiff asserts the following causes of action against Defendants Webb Ford and Shaughnessy:

- Count 1 – Title VII Retaliation and Discrimination (42 U.S.C §§ 2000e- & 2000e-2)
- Count 2 – Racial Discrimination & Interference with Contract Rights - (42 U.S.C. § 1981)
- Count 3 – Promissory Estoppel – Indiana Common Law

## *LEGAL STANDARD UNDER RULE 12(b)(6)*

Federal Rules of Civil Procedure allows a defendant to assert, by motion, a dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) To survive a Federal Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018). Courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002). In *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1961 (2007), the Supreme Court concluded that the allegations in a pleading must be sufficient to raise a right to relief above the speculative level including sufficient facts to state a claim that is "plausible on its face". The Supreme Court further expanded the plausibility standard and made clear that the pleading standard applies to all civil actions including claims of discrimination. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

## ARGUMENT

*Count I*

Title VII of the Civil Rights Act prohibits discrimination based on color, race, religion, sex, or national origin. Federal law prohibits discrimination in all aspects of employment. *42 U.S.C. § 2000e-2.* The U.S.C. prohibits retaliation against employees who oppose discriminatory practices or participate in Title VII proceedings. *42 U.S.C. §*

*2000e-3* The Supreme Court held in *Twombly* that plaintiffs must allege facts that give rise to a claim that is "plausible on its face" and not merely conclusory allegations of discrimination or retaliation. *Twombly* at 1961. Here, the Plaintiff failed to plead specific facts related to dates and the sequence of events between the alleged discriminatory act, the protected activity and the adverse action. Without details, it is unknown whether the conduct was racially motivated or even plausible. Plaintiff alleges he worked "alongside journeyman technicians and other lube technicians in a shared shop environment." (Paragraph 12, First Amended Complaint) That bare assertion – combined with Plaintiff's conclusory statements that unidentified technicians were White and allegedly received different work assignments, and his subjective dissatisfaction with sharing workspace with another technician presumed to be White – does not plead nonconclusory facts permitting a reasonable inference of race discrimination under the plausibility standard. Plaintiff must allege nonclusory facts that show an identified comparator was similarly situated in material respects and that race, rather than job classification, qualifications, performance, or operational needs caused the challenged assignment or workspace decisions. Maloney v. Washington, 584 F. Supp. 1263 (N.D. Ill. 1984) The Plaintiff must plead more information than the race of White technicians and conclusory statements about their work assignments and his displeasure sharing workspace with another technician who is presumed to be White. The Plaintiff's pleading for Count 1 still lacks sufficient facts that would give an

inference of discriminatory action or retaliation. Plaintiff's own allegations conceded unsatisfactory job performance, which independently supports Webb Ford's legitimate, non-discriminatory basis for the challenged action discipline for performance -related deficiencies. Plaintiff was suspended following an incident involving a wheel lock.[1] (Paragraph 36 of First Amended Complaint) Plaintiff failed to properly replace the wheel lock and secure a tire. The error put an elderly customer in an unsafe situation. In addition, Plaintiff was previously disciplined for the same issue. (Paragraph 36 of First Amended Complaint). Plaintiff failed to plead a protected class and the causal nexus tying race to what Plaintiff believes is discriminatory actions. Furthermore, the pleading does not establish Plaintiff-engaged in protected activity. Plaintiff's contentions alleged in his pleading regarding his compensation, training, assignment changes, and safety/commitment issues are conclusory statements and fail to show a causal nexus of tying race to decisions that were made by Webb Ford. The Plaintiff has again failed to sufficiently state facts that Defendant Webb Ford's employment actions were racially motivated or retaliatory. The complaint fails to plead sufficient facts to state a claim for purposeful and unlawful race-based discrimination and retaliation. Therefore, Count I should be dismissed.

[1] Wheel locks are specialized lug nuts that secure the wheel to the hub and require a specialized key to remove it.

*Count II*

42 U.S.C. § 1981 guarantees all persons in the United States the equal right to make and enforce contracts, free from discrimination based on race, color, or ethnicity. Pursuant to *Iqbala* and *Twombly*, the Plaintiff must plead a plausible interference of intentional racial discrimination. Under these standards, a §1981 complaint must allege specific facts in which the court can draw a reasonable inference that race was the reason for the adverse treatment. Plaintiff's prior discipline for deficient tire inspections wa imposed for legitimate race-neutral reasons – namely, the safety risk and potential harm his conduct created – and not because of his race, color, or ethnicity.  Paragraph 56 of the First Amended Complaint states, "Plaintiff is a member of a protected racial class." The pleading fails to identify Plaintiff as belonging to a legally protected racial or ethnic category. Without Plaintiff's identification as a member of a protected class, it's impossible and would be entirely speculative that adverse action and treatment were linked to a protected status. Additionally, the pleading identifies three individuals that worked at Webb Ford. However, Plaintiff failed to show with sufficiency how those individuals were similarly situated to the Plaintiff.  More specifically, Plaintiff asserts Hunter is a white lube technician, and Bret is a white journeyman. Both roles are different than Plaintiff's role. Plaintiff was a lube technician. (Paragraph 11 of the First Amended Complaint) The pleading is without detailed similarity in experience, performance, or disciplinary records. Although all of these individuals may have

worked within the same service department during the same general time period, the pleading generalizes roles and does not reflect a group of workers who are similarly situated. Plaintiff admits that his personnel file is not pristine and contains at least two disciplinary marks for service-related errors. The personnel records of the other individuals are unknown and the absence information cannot be used to accept conclusory statements that the Plaintiff is similarly situated with two white co-workers.

Without a direct nexus to race, an inference of racial discrimination cannot be assumed because the Plaintiff is a member of a protected class. Plaintiff alleges there was a verbal agreement. However, the Plaintiff did not provide sufficient facts that race was the reason for the adverse action or that a contractual relationship existed that falls within the protections of 42 U.S.C. § 1981. A plaintiff must plead that, but for his race, he would not have suffered the loss of a legally protected right to make and enforce a contract. *Miao v. United Airlines*, Inc., 164 F. 4th 622, 625 (2026) (affirming dismissal of 1981 claim where, although the complaint provided a detailed account of events aboard the aircraft, the court could only speculate that race had anything to do with the alleged impairment of the plaintiff's contractual rights, and speculation alone cannot render a discrimination claim plausible under Rule 12(b)(6))). As such, Count II should also be dismissed.

*Count III*

With respect to Count III, Plaintiff fails to plead sufficient facts or identify the applicable law to state a claim upon which relief can be granted. Plaintiff only alleges an "Indiana State Law Claim" as authority without specifying the legal basis for relief. Additionally, Plaintiff failed to plead facts showing a plausible interference of intentional racial discrimination. Accordingly, Count III should be dismissed.

**CONCLUSION**

For these reasons, Defendants Webb Ford, Inc. and Vince Shaughnessy, by counsel, respectfully request this Court to dismiss Plaintiff's claims against Webb Ford and Shaughnessy pursuant to Fed. R. Civ. P 12(b)(6), and for all other relief just and proper in the premises.

Respectfully submitted,

/s/ Angka E. Hinshaw
Finis Tatum IV
Angka E. Hinshaw,
**GORDON REES SCULLY MANSUKHANI, LLP**
600 East 96th Street, Suite 501
Indianapolis, IN 46240
Tel: (317) 713-0905
Email: ftatum@grsm.com
ahinshaw@grsm.com